IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LENNY SHORT,  :
   :
    Plaintiff,  : CIVIL NO. 4:10-CV-2451
   :
v.  : Hon. John E. Jones III
   :
CURTIS A. WILLIAMS, *et al.*,  :
   :
    Defendants.  :

### **MEMORANDUM and ORDER**

January 14, 2011

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Lenny Short ("Plaintiff" or "Short"), an inmate presently confined at the Huntingdon State Correctional Institution ("SCI Huntingdon") in Huntingdon, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)

Short also has filed an Application requesting leave to proceed *in forma pauperis* in this action. (Doc. 2.) Based on his request for *in forma pauperis* status, the Complaint presently is before the Court for screening under the provisions of 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's claims against Defendant "Trojan Boiler Incorporation" will be dismissed with prejudice, and his remaining claims will be dismissed without prejudice to his ability to file an Amended Complaint

as directed herein.

I.   **ALLEGATIONS OF THE COMPLAINT**

In his Complaint, filed on November 30, 2010, Short alleges that he was exposed to asbestos on October 28, 2008 while he was an inmate at SCI Huntingdon. He was notified of his potential exposure to asbestos in a letter dated December 19, 2008, which is attached to his Complaint. (*See* Doc. 1-1 at 1.)

Short names the following Defendants in his Complaint: "Trojan Boiler Incorporation"; Curtis A. Williams, Utility Plant Supervisor; Glen Rosey, Building Maintenance Supervisor; Raymond Lawler, Superintendent; and Robert Bilger. (*See id.* at 1, 2-3.) He alleges that, "Trojan Boiler Incorporation['s] efforts to prevent exposure to asbestos by improper removal or other improper remedial is the sole purpose of why the procedures to prevent human and environmental contamination was not done in a professional manner." (*Id.* at 2.) He avers, "I find Trojan Boiler Incorporation partially responsible for causing me to be put in a hazardous environment without the knowledge of knowing the area was contaminated. No prior knowledge was obvious since there were no warning signs in place to inform employees of the present danger." (*Id.*)

Short alleges that Utility Plant Supervisor Williams "is held accountable due to

him having prior knowledge of the fact; that the work environment was contaminated, and this information was provided to him at approximately 10:00 a.m. on October 28, 2008." (*Id.*)  He alleges that no precautions were taken to prevent employees from being exposed to friable asbestos, and that this failure was "clearly negligence, especially since my work shift began at 10:00 p.m." (*Id.*)  He further alleges that Williams "failed miserably by not taking the necessary procedures to prevent employees from being put in harms [*sic*] way." (*Id.*)

Short next alleges that Building Maintenance Supervisor Rosey "is held accountable for having knowledge of this incident, but not having the exposure area restricted.  Instead, the exposure area was still operated as if the area was not contaminated." (*Id.*)  He again alleges that no protective equipment was available for employees, and "[n]o proper procedures were taken to prevent employees from being exposed to friable asbestos." (*Id.*)

As to Superintendent Lawler, Short alleges that he "had knowledge of the incident and failed to come up with a solution to resolve the problem." (*Id.* at 3.)  He alleges that Lawler "endangered employees['] health which can result with employees developing numerous complications by being exposed to friable asbestos." (*Id.*)

Although he names Robert Bilger as a Defendant, Plaintiff does not make any

3

specific factual allegations against him in his Complaint.  Bilger's signature appears on an Asbestos Exposure Data Sheet attached to the Complaint, and the Data Sheet states that samples of the materials that were discovered on October 28, 2008 at 10:00 a.m. were given to Bilger and were sent to a lab for testing.  (*See* Doc. 1-1 at 2.)

In the section of his Complaint labeled "Statement of Claim," Plaintiff alleges that asbestos creates health problems if it is inhaled, and that he has to live in constant fear of developing a health problem because he was "not provided with the proper protective equipment to prevent this incident."  (*Id.* at 4.)  He alleges that the documents provided by the Department of Corrections employees "clearly indicate that they became aware of the potential problem at approximately 10:00 a.m. on October 28, 2008."  (*Id.*)  He further avers that no precautions were taken even when staff became aware of the hazardous environment, and that he was allowed to be "put in harms [*sic*] way by having me come to work at 10:00 p.m. knowing that the environment was contaminated."  (*Id.*)

In a section of his Complaint entitled "Asbestos Facts," Plaintiff makes a series of allegations regarding the consequences of exposure to asbestos.  (*Id.*)  Plaintiff does not identify the source of these "Asbestos Facts."

As relief, Short requests declaratory judgment, money damages, an injunction,

"asbestos-related products liability," and "negligent endangerment." (*Id.* at 5.)

Attached to the Complaint is a copy of a letter dated December 19, 2008 to Short from Corrections Utilities Supervisor Curtis A. Williams informing Short that, on October 28 and 29, 2008, he was "potentially exposed to an asbestos containing material (ACM) during boiler repairs performed by Trojan Boiler Inc." (Doc. 1-1 at 1.) The letter further states, *inter alia*, that:

> There was no prior knowledge of any ACM that would be part of this project, thus normal ACM procedures where [*sic*] not in place. Samples that were sent to the lab verified an asbestos content of 7%. Due to the short duration of work and ACM percentage, this exposure is considered minimal and requires no further testing.

(*Id.*)

Also attached to the Complaint is an "Asbestos Exposure Data Sheet" describing an incident on October 28, 2008 where a "potential problem" was reported to Supervisor Williams at 10:00 a.m. while Trojan Boiler was performing repairs (*id.* at 2); and a "Gate Clearance" submitted on November 7, 2008 to allow Trojan Boiler to report to #2 Gate to repair #4 boiler (*id.* at 3). Also attached is what appears to be an encyclopedia entry describing asbestos. (*Id.* at 4-5.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case

filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, - - - U.S. - - - - , 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an

6

amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

**III. DISCUSSION**

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Plaintiff fails to plead the first essential element as to Defendant "Trojan Boiler Incorporation" because this entity is not a "person acting under color of state law." Therefore, Plaintiff cannot state a claim against it under § 1983. Therefore, Plaintiff's claims against "Trojan Boiler Incorporation" will be dismissed with prejudice.

As to Defendants Williams, Rosey, Lawler, and Bilger, it is apparent that these individuals are employed by the Pennsylvania Department of Corrections at SCI Huntingdon, and thus they would be state actors. However, Plaintiff fails to identify

how the conduct of Defendants violated his constitutional rights.  He alleges that Defendant Williams' failure to provide him with protective equipment was "clearly negligence."  (*See* Doc. 1 at 2.)  Although he does not specifically use the word "negligence" in his allegations against Rosey and Lawler, Plaintiff similarly alleges that they failed to take proper measures to prevent employees, including himself, from being exposed to asbestos.  (*See id.* at 2-3.)  A claim that a prison official was negligent, without a more culpable state of mind, does not state a claim of deliberate indifference in violation of the Eighth Amendment to the Constitution.  *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

Rather, to establish an Eighth Amendment claim, Plaintiff must meet two requirements.  First, he must demonstrate that the conditions of his confinement pose "a substantial risk of serious harm" to his health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Secondly, he must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Because he does not make allegations against Defendants Williams, Rosey, and Lawler that meet these requirements, Plaintiff has failed to state a claim against them.  Plaintiff also has not made any specific factual allegations against Robert Bilger, and thus, he also has failed to state a

claim against him.

Nevertheless, because it appears possible that, if given leave to amend, Plaintiff could state a deliberate indifference claim against Defendants Williams, Rosey, Lawler, and Bilger, we must grant leave to Plaintiff to amend his Complaint, and we will direct him to do so on or before **February 7, 2011**..[1]

In addition, Plaintiff will be given the opportunity to amend his request for relief. In his Complaint, Plaintiff does not allege that he has sustained an actual physical injury as a result of any exposure he had to asbestos; instead, he alleges that he has "to live in constant fear of developing a health problem since I was not provided with the proper protective equipment to prevent this incident." (*See* Doc. 1 at 4.) The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." 42 U.S.C. 1997e(e). The "physical injury" requirement of § 1997e(e) may be satisfied by a "less-than-significant-but-more-than-de minimis

---

[1] We note that, after filing his Complaint, by letter to the Clerk of Court dated December 19, 2010 (Doc. 6), Plaintiff requested that the parties involved in this case forward certain documents to him that he believes are relevant to his case. (*See* Doc. 6.) Plaintiff is advised that, if service of his amended complaint is directed, he will then have the opportunity to serve discovery requests on Defendants, and that copies of these requests should be served directly on Defendants rather than filed with this Court.

9

physical injury as a predicate to allegations of emotional injury." *Mitchell v. Horn,* 318 F.3d 523, 534 (3d Cir. 2003).

However, "[s]ection 1997e(e)'s requirement that a prisoner must demonstrate physical injury before he can recover for mental or emotional injury applies only to claims for compensatory damages . . . § 1997e(e) does not apply to claims seeking injunctive or declaratory relief." *Mitchell*, 318 F.3d at 533. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. (*See* Doc. 1 at 5.) Therefore, to the extent that Plaintiff seeks to recover compensatory damages in this action, he must specify in any amended complaint he may file the physical harm, if any, he suffered as a result of his alleged exposure to asbestos. In addition, Plaintiff has requested an injunction and a declaratory judgment, but has not specified what injunctive and declaratory relief he seeks. Therefore, Plaintiff must specify the relief he seeks in his amended complaint.

Short is advised that any amended complaint he may file supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1. Consequently, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. In addition, Short must comply with Federal Rule of Civil Procedure 20 in

that his claims must involve only related claims or parties.

Short also is directed to provide factual allegations in support of his claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and Short should specify the Defendants against whom he is making the claims. He also shall specify the relief he seeks with regard to each claim. In addition, he is forewarned that his failure to file an amended complaint as directed within the required time will result in the dismissal of this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Application for leave to proceed *in forma pauperis* (Doc. 2) is construed as a request to proceed without full prepayment of fees and costs, and the Motion is **GRANTED**.[2]

2. Plaintiff's claims against "Trojan Boiler Incorporation" are **DISMISSED WITH PREJUDICE**, and the Clerk of Court shall terminate "Trojan Boiler Incorporation" as a party to this action.

3. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**

---

[2] Along with his Motion requesting *in forma pauperis* status (Doc. 2), Plaintiff submitted an Authorization (Doc. 3) to have funds deducted from his prison account. The Court then issued an Administrative Order (Doc. 5) directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

11

to his ability to file an amended complaint as directed in the foregoing Memorandum.

4. On or before **February 7, 2011**, Plaintiff may file an amended complaint as directed in the foregoing Memorandum.

5. If Plaintiff fails to file an amended complaint as directed within the required time, this action will be dismissed.

                                                          s/ John E. Jones III
                                                          John E. Jones III
                                                          United States District Judge